# Glenfield Borough *v*. Manufacturers Light & Heat Co., Appellant.

*Equity—Equity jurisdiction—Boroughs—Gas companies—Contracts—Rights of strangers—Remedy at law.*

1. Whether the repeal of an earlier ordinance granting a franchise to a gas company on condition that it furnish churches with free gas, by a later ordinance granting the same franchise without the condition, puts an end to the gas company's obligation to furnish free gas, is a pure question of law and is not a subject to be inquired into in equity.

2. Where a borough granted a gas company a franchise in its streets under an ordinance stipulating that free gas should be furnished to the churches of the borough, and upon the refusal of the company to furnish free gas a mandatory injunction was awarded the churches compelling the company to furnish free gas, and thereafter the ordinance was repealed with the consent of the gas company and a new ordinance adopted conferring the same privileges as those which were conferred by the former ordinance, but imposing no obligation to supply free gas to the churches, and the gas company petitioned for a dissolution of the injunction, the court erred in refusing the petition as it appeared that the churches were not parties to the contract between the borough and the gas company, were strangers to the consideration, and had incurred no expense in reliance upon the ordinance, and whatever rights they had could be easily and accurately ascertained at law.

Argued Oct. 28, 1913. Appeal, No. 177, Oct. T., 1913, by defendant, from decree of C. P. No. 4, Allegheny Co., First T., 1911, No. 12, in equity, refusing to dissolve an injunction in case of Borough of Glenfield, The First

Presbyterian Church of Glenfield, Thorn Chapel Methodist Episcopal Church and Evangelical Lutheran Church of St. Paul, Ohio Township, Allegheny County, Pennsylvania, v. The Manufacturers Light & Heat Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Bill in equity to compel defendant to furnish gas.

Petition of defendant for the dissolution of a mandatory injunction. Before SWEARINGEN, J.

The facts appear in Bellevue Borough, et al., v. The Manufacturers Light & Heat Co., 238 Pa. 388.

Exceptions to the findings of fact and law of the trial judge were dismissed and a decree was entered refusing the petition. Defendant appealed.

*Errors assigned* were various findings of fact and law of the trial judge and the decree of the court.

*A. Leo. Weil,* of *Weil & Thorp,* with him *S. Leo Ruslander,* and *Neil W. McGill,* for appellant.

*Frederic W. Miller,* for the First Presbyterian Church of Glenfield, Thorn Chapel Methodist Episcopal Church and Evangelical Lutheran Church of St. Paul, appellees.

*Ferd. H. Phillips* submitted an answer for the Borough of Glenfield, appellee, disclaiming interest in the proceedings.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

The present appeal simply presents in another aspect the case that was before us in 238 Pa. 395. There the appeal was from a decree enjoining the Manufacturers Light and Heat Company from disturbing the connections through which the several churches of the Borough of Glenfield were being furnished with a supply of gas free of cost. Without discussing any of the several

grounds on which the appellant company rested its right to interfere and prevent the use of the gas, we dismissed the appeal solely on the ground that having accepted the franchise granted it by the borough under an ordinance in which it is stipulated that the company, among other things required of it, would furnish to the churches of the borough a supply of gas free of cost, it was not in position to resist the demand so long as it was exercising the franchise so obtained. Subsequently the Borough of Glenfield, the light and heat company assenting, repealed the ordinance under which the company had entered upon the public streets and laid its pipes, and adopted a new ordinance which conferred upon the light and heat company the same rights and privileges which were conferred by the earlier ordinance, but imposing no obligation on the light and heat company to supply free gas to the churches. Thereupon the light and heat company, appellant here, filed its petition setting forth this subsequent action by the borough authorities, and asking that the injunction theretofore granted enjoining it from denying to the churches a free supply of gas be dissolved, because of the changed situation. To this petition the churches, appellees here, replied, admitting the facts set out in the petition, but denying the power of the borough to deprive them, against their consent, of their right to a free supply of gas as provided in the earlier ordinance, their contention being that they were in the enjoyment of a vested right.

It will be recalled that the churches were not parties to the contract under which the predecessors of this company obtained the franchise of the public streets, and under which the churches claimed the right to free gas; that they were strangers to the contract and strangers as well to the consideration; and that they have made no expenditure relying upon the ordinance. If under these circumstances the borough had the right to terminate the original contract with the company, and the

effect of so terminating it was to put an end to the company's obligation to furnish gas to the churches free of cost, unquestionably the injunction heretofore granted should be dissolved. Whether the repeal of the earlier ordinance, and the granting by later ordinance of the same franchise as that conferred by the earlier, put an end to the company's obligation to furnish free gas, is a pure question of law, and is not a subject to be inquired into at equity: Grubbs App., 90 Pa. 228; Saltsburg Gas Company v. Saltsburg Boro., 138 Pa. 250. There are no equities here on either side which take this case out of the general rule. Should the light and heat company do all that it threatened, the only loss inflicted could be easily and accurately ascertained, and, if done without right, complete compensation for the injury inflicted could be made in damages recoverable at law. The appeal is sustained, and it is now ordered that the injunction heretofore ordered restraining the light and heat company from denying the churches of Glenfield Borough free gas be dissolved; the costs on this appeal to be paid by the appellee.